UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| FRIENDS OF MERRYMEETING BAY, et al., | ) ) ) |
| Plaintiffs, | ) ) ) Docket no. 2:11-cv-35-GZS |
| v. | ) ) |
| BROOKFIELD POWER US ASSET MANAGEMENT, LLC, et al., | ) ) ) |
| Defendants. | ) |

**ORDER ON DEFENDANTS' MOTION TO DISMISS**

Before the Court is Defendants' Motion to Dismiss or, in the Alternative, to Stay the Case (Docket # 31). As briefly explained herein, the Court DENIES the Motion.

Via its Substituted Complaint (Docket # 20), Plaintiffs allege that Defendants Brookfield Power US Asset Management LLC and Hydro Kennebec, LLC (together, "Defendants" or "Brookfield") own and operate the Hydro Kennebec dam on the Kennebec River. (Compl. (Docket # 20) ¶ 8.) In Count I, Plaintiffs allege that Defendants' dam takes endangered GOM DPS Atlantic Salmon[1] in a variety of ways thereby violating the Endangered Species Act, 16 U.S.C. §§1531 et seq. (Id. ¶ 27.) In Count II, Plaintiffs additionally assert that Defendants' dam operations violate the Clean Water Act, 33 U.S.C. §§ 1251 et seq.

The claims pressed against Brookfield in this action are very similar to the claims Plaintiffs are pressing against other dam owners and operators in three other cases: (1) Friends of Merrymeeting Bay et al. v. Nextera Energy Resources, Inc., et al., D. Me. No. 2:11-cv-38-GZS (the "Nextera case"), (2) Friends of Merrymeeting Bay et al. v. Topsham Hydro Partners Limited

---

[1] Gulf of Maine Distinct Populations Segment ("GOM DPS") Atlantic Salmon found in the Kennebec River have been designated as endangered species since 2009. (See Compl. (Docket # 20) ¶20.)

Partnership, D. Me. No. 2:11-cv-37-GZS (the "Topsham Hydro case"), and (3) Friends of Merrymeeting Bay et al. v. Miller Hydro Group, D. Me. No. 2:11-cv-36-GZS (the "Miller Hydro case" ) (together, the "FOMB Dam Cases"). Notably, all three of these cases have been the subjects of similar defense motions seeking to dismiss or stay Plaintiffs' claims. After full briefing, the Magistrate Judge recommended that each of these motions be denied. See Friends of Merrymeeting Bay et al. v. Miller Hydro Group, D. Me. No. 2:11-cv-36-GZS, 2011 WL 2790272 (D. Me. July 14, 2011); Friends of Merrymeeting Bay v. Topsham Hydro Partners Ltd., 2:11-cv-37-GZS, 2011 WL 2790470 (D. Me. July 14, 2011); Friends of Merrymeeting Bay et al. v. Nextera Energy Resources, Inc., et al., D. Me. No. 2:11-cv-38-GZS, 2011 WL 4025713 (D. Me. July 22, 2011). Upon *de novo* review, the Court has affirmed each of these recommended decisions. See Friends of Merrymeeting Bay et al. v. Miller Hydro Group, 2011 WL 4025452 (D. Me. Sept. 9, 2011); Friends of Merrymeeting Bay v. Topsham Hydro Partners Ltd., 2011 WL 4025517 (D. Me. Sept. 9, 2011); Friends of Merrymeeting Bay et al. v. Nextera Energy Resources, Inc., et al., 2011 WL 4025508 (D. Me. Sept. 9, 2011).

Brookfield seeks to distinguish its case from these other FOMB Dam cases and thereby achieve a different ruling on the pending motion. While the Court readily acknowledges that the differences highlighted in Brookfield's Motion may ultimately yield a different decision on the merits of Plaintiffs' claim, the Court does not believe these factual differences yield a different analysis of the ripeness of Plaintiffs' claims or the primary jurisdiction argument.

In short, the Court is satisfied that Plaintiffs' Substituted Complaint states ripe claims over which this Court has jurisdiction and upon which relief may be granted. On the facts presented, there is no set date upon which there will be final agency action in this case that would warrant a stay. Thus, without repeating the analysis previously set forth in the above-

cited orders in the companion FOMB Dam Cases, the Court finds that analysis is equally applicable to the pending motion and incorporate it by reference in this decision.

Therefore, Defendants' Motion to Dismiss or, in the Alternative, to Stay the Case (Docket # 31) is hereby DENIED. To the extent the Motion also sought oral argument, the Court DENIES that request in an exercise of its discretion pursuant to District of Maine Local Rule 7(f).

SO ORDERED.

                                                /s/ George Z. Singal
                                                United States District Judge

Dated this 9th day of February, 2012.