**UNITED STATES DISTRICT COURT**
**DISTRICT OF MAINE**

| | |
|---|---|
| FRIENDS OF MERRYMEETING BAY, et al., | ) ) |
| | ) |
| Plaintiffs, | ) ) |
| | ) Docket no. 2:11-cv-35-GZS |
| v. | ) |
| | ) |
| BROOKFIELD POWER US ASSET MANAGEMENT, LLC, et al., | ) ) |
| | ) |
| Defendants. | ) |

## ORDER ON PLAINTIFFS' MOTION TO CONSOLIDATE

Before the Court is Plaintiffs' Motion to Consolidate Dam Cases for Trial and for Depositions of Plaintiffs' Witnesses (Docket # 37). Via this Motion, Plaintiffs Friends of Merrymeeting Bay ("FOMB") and Environment Maine seek to consolidate this action with cases they have filed against other dam owners, specifically a case against Nextera Energy Resources, Inc., et al. ("Nextera Defendants") (D. Me. No. 2:11-cv-38-GZS), a case against Topsham Hydro Partners Limited Partnership ("Topsham Hydro") (D. Me. No. 2:11-cv-37-GZS), and a case against Defendant Miller Hydro Group ("Miller Hydro") (D. Me. No. 2:11-cv-36-GZS) (together with this case, the "FOMB Dam Cases"). Each defendant opposes consolidation and, in this case, Defendant has filed a response opposing the Motion (Docket # 42).

Federal Rule of Civil Procedure 42(a) allows a court broad discretion to consolidate cases that "involve a common question of law or fact." There are undeniably common questions of law involved in the FOMB Dam cases to the extent that Plaintiffs are pressing identical claims under the Endangered Species Act ("ESA") in each case based on alleged taking of listed Atlantic Salmon. While the Court has given due consideration to the benefits of consolidating

these cases, in the Court's final assessment, consolidation is not appropriate at this time. On the record, there is significant variability in the facts of each case on a variety of issues including the rivers involved, the dams involved and their location, the regulatory history of each dam, and the ongoing regulatory proceedings involving the ESA. In the Court's view, these factual differences make wholesale consolidation burdensome for defendants and will not necessarily yield an efficient use of judicial resources. [1]

In light of this assessment, Plaintiffs' request that the Court consolidate these cases for purposes of discovery and depositions is GRANTED IN PART AND DENIED IN PART. The Court notes that all four cases are on the same schedule under their respective scheduling orders. To the extent that Plaintiffs specifically seek the Court's approval to present their common witnesses for a consolidated deposition (as compared to four completely separate depositions), the Court GRANTS that request. In the Court's assessment, the parties can and should consolidate the depositions of common witnesses in order to minimize costs and maximize efficiency. Thus, the Court hereby ORDERS that counsel confer and attempt to reach agreement on the following: (1) a list of witnesses that qualify as common witnesses in all four cases; (2) the procedure to be utilized at the consolidated deposition of common witnesses, including the sequence of questioning, the amount of time each party shall have for asking questions, the handling of any joint objections; and (3) the process for complying with any and all confidentiality orders during the deposition. To the extent that the parties cannot reach agreement on the consolidation of a specific deposition or the procedures to be used at a specific deposition, they are free to request a conference before the magistrate judge in accordance with District of Maine Local Rule 26(b). To the extent Plaintiffs' Motion might be read as requesting

---

[1] As noted in the papers, the Court notes that in both this case and the Nextera case, Plaintiffs have additionally pled a cause of action under the Clean Water Act, 33 U.S.C. § 1341 et seq. Thus, the claims and legal issues are not identical in all four cases.

consolidated discovery beyond the scheduling of Plaintiffs' common witnesses, the request is DENIED.

With respect to Plaintiffs' request for a consolidated trial, the request is DENIED WITHOUT PREJUDICE. Plaintiffs are free to renew this request by filing a motion to consolidate in connection with the filing of their pretrial memoranda required by Local Rule 16.4. At that time, the parties and the Court will have a better understanding of any common factual issues that remain for trial and what common witnesses would appear.

As explained herein, the Motion to Consolidate is GRANTED IN PART and DENIED IN PART. The denial of Plaintiffs' request for a consolidated trial is without prejudice to Plaintiffs renewing the motion once discovery and any dispositive motion practice is complete.

SO ORDERED.

/s/ George Z. Singal
United States District Judge

Dated this 9th day of February, 2012.